Thomas J. Polis, Esq. (SBN 119326)
**POLIS & ASSOCIATES, APLC**
19800 MacArthur Blvd., Suite 1000
Irvine, California 92612
Telephone: (949) 862-0040
Facsimile:  (949) 862-0041
Email: tom@polis-law.com

Scott R. Albrecht, Esq. (SBN 201614)
**Green, Steel & Albrecht, LLP**
19800 MacArthur Blvd., Suite 1000
Irvine, California 92612
Telephone: (949) 263-0004
Facsimile:  (949) 263-0005
Email: salbrecht@gsaattorneys.com

Counsel for Senior Secured Creditor, First Foundation Bank

# UNITED STATES BANKRUPTCY COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA – SAN DIEGO DIVISION

| | |
|---|---|
| **In re** | Case No. 20-05522-CL11 |
| **Ramin Pourteymour,** | Chapter 11 |
| Debtor/Debtor-In-Possession. | **SENIOR SECURED CREDITOR FIRST FOUNDATION BANK'S MOTION FOR ORDER RE: (1) COMPEL DEBTOR TO PAY FOR PRE-PETITION SECURED PROPERTY TAXES AS AGREED TO BETWEEN THE PARTIES; AND (2) COMPEL DEBTOR TO PROPERLY INSURE THE BLACK GOLD PROPERTY CONSISTENT WITH THE PARTIES' COURSE OF CONDUCT AND UNDERLYING LOAN DOCUMENTS** |
| | **Hearing:** <br> Date:  March 29, 2021 <br> Time: 2:30 p.m. <br> Ctrm: 5, Room 318 <br>           U.S. Bankruptcy Court <br>           325 West F Street <br>           San Diego, CA 92101 <br>           (via Telephonic) |

**MOTION COMPEL DEBTOR TO PAY PROPERTY TAXES AND INSURE PROPERTY**

1

**TO THE HONORABLE CHRISTOPHER B. LATHAM, U.S. BANKRUPTCY JUDGE; THE DEBTOR/DEBTOR-IN-POSSESSION AND HIS COUNSEL OF RECORD; THE SAN DIEGO OFFICE OF THE U.S. TRUSTEE; AND OTHER PARTIES ENTITLED TO NOTICE:**

Senior Secured Creditor, First Foundation Bank ("FFB" or "Bank") submits the following *Motion for Order re: (1) Compel Debtor to Pay Pre-Petition Secured Property Taxes as Agreed to Between the Parties; and (2) Compel Debtor to Properly Insure the Black Gold Property Consistent with The Parties' Course of Conduct and Underlying Loan Documents* ("*Motion to Compel*"). Specifically, as detailed herein and supported by competent admissible declaration testimony, FFB believes it is entitled to the relief in the *Motion to Compel* based on the following overall facts:

i) Senior Secured Creditor FFB released a portion of its cash collateral to the Debtor based on the implicit agreement that, along with the post-petition property taxes, the secured pre-petition property taxes also would be paid accruing against the Debtor's Black Gold and Box Canyon Properties, however, the Debtor failed to comply with his implicit agreement after FFB released to the Debtor approximately $84,000 in reliance of the Debtor's implicit agreement; and

ii) The Debtor unilaterally and substantially decreased the homeowner's insurance coverage for the Debtor's Black Gold Property (in which Movant, First Foundation Bank holds the senior and second priority deeds of trust) from $4,500,000 coverage to $3,300,000 coverage and unilaterally increased the deductible from $10,000 to $25,000 (Movant, FFB believes the deductible issue was recently rectified). This unilateral change by the Debtor is very concerning for FFB and has not been remedied by the Debtor despite numerous requests by FFB, through its counsel.

Consequently, FFB is respectfully requesting the Court to compel the Debtor to complete the following steps:

i) Immediately pay the County of San Diego $42,939 ($34,048.30 for Black Gold Property's delinquent secured pre-petition property taxes, and $8,898.74 for Box Canyon

Property's delinquent secured pre-petition property taxes), and any additional default interest owed to the County of San Diego on or after December 2, 2020, should also be paid; and

  ii) The Debtor immediately amend his homeowner's insurance coverage on the Debtor's Black Gold Property from $3,300,000 to $4,500,000 of total dwelling and structure coverage.

Dated:  February 22, 2021    POLIS & ASSOCIATES, APLC

            By: /s/ Thomas J. Polis
               Thomas J. Polis, Esq.
               Counsel for Senior Secured Creditor,
               First Foundation Bank

Dated:  February 22, 2021    GREEN, STEEL & ALBRECHT, LLP

            By: /s/ Scott R. Albrecht
               Scott R. Albrecht, Esq.
               Counsel for Senior Secured Creditor,
               First Foundation Bank

**I.**

**FACTUAL SUMMARY RE: BANK'S MOTION TO COMPEL THE DEBTOR RE: PAY PRE-PETITION PROPERTY TAXES AND INCREASE THE HOMEOWNER'S INSURANCE COVERAGE ON THE BLACK GOLD PROPERTY**

1. On November 6, 2020, the Debtor, Ramin Pourteymour ("Debtor") filed the above-captioned Chapter 11 bankruptcy case. At all times, the Debtor has maintained his status as a Debtor-in-Possession for the above-captioned case.

2. Included with the Debtor's real estate assets is the residential real property located at 9805 Black Gold, La Jolla (San Diego), California 92037 ("Black Gold Property"). The Black Gold Property is encumbered by various deeds of trust, including but without limitation, the first priority senior deed of trust in favor of Movant, First Foundation Bank ("Bank" or "FFB") in the amount of $4,572,080.51 (as of the Debtor's Petition Date). Also, Movant, FFB holds the second priority deed of trust encumbering the Black Gold Property securing a debt to FFB in the approximate amount of $3,080,478.33 (as of the Debtor's Petition Date).

3. **Facts Specifically Relevant to Debtor's Failure to Pay Unpaid Pre-Petition Property Taxes**:

   **A.** On December 1, 2020, Debtor's counsel sent an email to FFB's counsel requesting release of the funds for the Debtor's Real Properties' (Black Gold and Box Canyon Properties) secured property taxes. The funds held at FFB were substantially comprised of the nearly $50,000 monthly gross rental revenue generated from FFB's collateral known as the Black Gold and Box Canyon Properties. (*See*, the email chain documenting the Debtor's counsel's representations attached hereto as Exhibit "A".)

   **B.** On December 2, 2020, FFB's counsel confirmed that the funds to pay the December 10, 2020 (post-petition) secured property taxes would be released, despite no cash collateral stipulation nor order had been entered. Further, FFB's counsel requested that in addition to the post-petition property

taxes, that the Debtor should also pay from the funds held at FFB for the unpaid pre-petition property taxes that were continuing to accrue as secured property tax liabilities encumbering FFB's real estate collateral (Black Gold and Box Canyon Properties).  (*See*, the enclosed email chain documenting FFB's counsel's representation hereto as Exhibit "A".)

**C.**     A few emails were exchanged between counsels confirming the wire instructions, but at no time did Debtor's counsel state that both the pre-petition and post-petition property taxes would not be paid with the released funds by FFB.  Consequently, based on that reasonable reliance, FFB released $84,039.00 for the Debtor to pay both the pre-petition and post-petition secured property taxes accruing against the Black Gold and Box Canyon Properties. (*See*, the enclosed email chain attached hereto as Exhibit "A".)

**D.**     On December 9, 2020, for the first time FFB and its counsel were informed that despite the implied, if not express, agreement that the $84,039.00 would be used for both the pre-petition and post-petition secured property taxes, that in fact the Debtor did not pay the ongoing pre-petition secured property taxes of $42,939 (*See*, the enclosed email chain confirming this factual statement hereto as Exhibit "A".)

**E.**     Later on that same day, for the first time Debtor's counsel disavowed any intent or agreement that the then $84,039.00 released funds from FFB would be used to pay both the pre-petition and post-petition property taxes. (*See*, the enclosed email chain confirming this factual statement hereto as Exhibit "A".)

**F.**     As it stands now, the pre-petition property taxes totaling $42,939 (as of December 2, 2020) have not been paid and continue to increase as a senior encumbrance against both the Black Gold and Box Canyon Properties.

///

///

4. **Facts Specifically Relevant to Compel Debtor to Properly Insure the Black Gold Property Consistent With The Underlying Loan Documents And The Parties' Pre-Petition Custom and Usage**:

    **A**.    The underlying loan documents between the Debtor and FFB expressly required that the Debtor needed to insure the dwelling located at the Black Gold Property for no less than $7,500,000, with a $1,000 deductible for each claim made under the insurance policy.

    **B**.    Through the years, after the initial funding, the Parties mutually agreed to allow the dwelling and structure insurance coverage to remain at $4,500,000 and the per claim deductible to $10,000. Specifically, enclosed are the relevant policy pages for the years 2015 through and including December 2019, that confirm the practice and custom between the Parties to provide $4,500,000 dwelling and structures insurance coverage, along with the $10,000 deductible:

        i)    **10/15 to 10/16: $5,841,000**

                ($4,871,000 dwelling

                  $974,000 other structures)

                $ 10,000 deductible

*See*, Banker's Standard Insurance Company declaration page attached hereto as Exhibit "B".

        ii)    **12/16 to 12/17: $4,500,000**

                ($3,000,000 dwelling

                $1,500,000 other structures)

                $10,000 deductible

*See*, Evidence of Insurance Mortgagee/other Interests, from Farmers Insurance attached hereto as Exhibit "C".

        iii)    **12/17 to 12/18: $4,500,000**

                ($3,000,000 dwelling

                $1,500,000 other structures)

$10,000 deductible

*See*, Evidence of Insurance Mortgagee/other Interests, from Farmers Insurance attached hereto as Exhibit "D".

    iv)    **12/18 to 12/19: $4,680,000**

($3,120,000 dwelling

$1,560,000 extended replacement cost)

$10,000 deductible

*See*, Evidence of Insurance Mortgagee/other Interests from Farmers Insurance attached hereto as Exhibit "E".

**C.** Unbeknownst to Senior Secured Creditor, First Foundation Bank, in or about July 2020, for the policy period from July 2020 through July 2021, the Debtor unilaterally reduced the total coverage to $2,932,000 ($2,666,000 for the Black Gold dwelling and $266,000 for other structures). Further, the Debtor substantially increased the deductible from $10,000 to $25,000. (*See*, Landlord Dwelling Policy Change Declarations attached hereto as Exhibit "F").

**D.** On December 3, 2020, counsel for FFB sent an extensive email communication to Debtor's counsel pointing out the Debtor's improper and unauthorized insurance policy changes concerning the Black Gold Property and requested the insurance policy be reinstated to its prior and longstanding terms, $4,500,000 of total dwelling and other structures coverage, along with reducing the deductible from $25,000 per claim to $10,000 per claim. (*See*, FFB's counsel's December 3, 2020 email communication to Debtor's counsel.)

**E.** Later that same day on, December 3, 2020, Debtor's counsel responded in a somewhat abrupt and less than professional manner that clearly showed the Debtor did not intend to reinstate the dwelling and other structures coverage as had previously been in place.

///

///

**F.** On December 8, 2020, FFB's counsel was provided with another Insurance Binder showing the Black Property's insurance policy's deductible was reduced to $10,000. However, the dwelling and structure coverage has still remained at the unacceptable amount of $2,666,000 for the Black Gold dwelling and $266,000 for other structures. Consequently, at this point, the Black Gold Property is still woefully underinsured and completely contrary to the underlying loan documents and the Parties' long-standing custom and practice.

## II.

**POINTS AND AUTHORITIES RE: FIRST FOUNDATION BANK'S MOTION TO COMPEL RE: DEBTOR TO PAY PRE-PETITION PROPERTY TAXES AS AGREED TO BETWEEN THE PARTIES AND INCREASE INSURANCE COVERAGE CONSISTENT WITH THE PARTIES' CUSTOM AND PRACTICE**

**A.** **SECTION 105 OF THE BANKRUPTCY CODE PROVIDES SUBSTANTIAL POWER OF THE COURT TO COMPEL PARTIES TO COMPLETE ACTS NOT OTHERWISE INCONSISTENT WITH THE BANKRUPTCY CODE**

Section 105(a) of the Bankruptcy Code provides:

> **(a)** The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process. (Emphasis added.)

**B.** **IN THIS CASE, MOVANT, FFB IS RESPECTFULLY REQUESTING THAT THE COURT ORDER THE DEBTOR TO PAY THE PRE-PETITION SECURED PROPERTY TAXES AND INCREASE THE INSURANCE COVERAGE FOR THE BLACK GOLD PROPERTY**

Based on the relatively brief history of this case and the initial Court hearings, FFB believes the Court desires all Parties (FFB and the Debtor) to play fair and reasonable. FFB also believes it has been more than reasonable to request the Debtor comply with the agreement to pay the pre-petition and post-petition secured property taxes encumbering the Black Gold and Box Canyon Properties. Secondly, the Debtor's unilateral decision to reduce

the dwelling/structure insurance coverage on the Black Gold Property was likewise an improper act on the Debtor's part. Despite FFB's counsel's request to have both of these issues resolved informally and without unnecessary accrual of attorneys' fees, Debtor has failed to comply with FFB's simple requests.

### IV.
### CONCLUSION

Movant, Senior Secured Creditor First Foundation Bank, respectfully requests that the Court grant its *Motion to Compel the Debtor to Pay the Pre-Petition Secured Property Taxes* for the Black Gold and Box Canyon Properties and increasing the homeowner's dwelling/structure insurance coverage as detailed herein.

Dated: February 22, 2021          POLIS & ASSOCIATES, APLC

                                  By:   /s/ Thomas J. Polis
                                        Thomas J. Polis, Esq.
                                        Counsel for Senior Secured Creditor,
                                        First Foundation Bank

Dated: February 22, 2021          GREEN, STEEL & ALBRECHT, LLP

                                  By:   /s/ Scott R. Albrecht
                                        Scott R. Albrecht, Esq.
                                        Counsel for Senior Secured Creditor,
                                        First Foundation Bank